IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DOROTHY BENTLEY, <br> as Administratrix of the Estate of <br> JERRY BUCKNER, <br>     Plaintiff, <br><br> v. <br><br> JIMMY ABBOTT, individually, <br> BLAKE JENNINGS, individually, <br> Dr. SHUISTER, individually, <br> CATHY DUBOSE, individually, and <br> TALLAPOOSA COUNTY JAIL, <br>     Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Case NO. 3:07CV 873-mht <br> ) <br> ) JURY TRIAL DEMANDED <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

COMES NOW Plaintiff DOROTHY BENTLEY as Administratrix of the Estate of JERRY BUCKNER by and through her attorneys of record, and would show unto the Court as follows:

### JURISDICTION AND VENUE

1. Plaintiff files this Complaint and invokes the jurisdiction of this Court under and by virtue of the Fourth and Fourteenth Amendments to the Constitution of the United States, 42 U.S.C. § 1983, 28 U.S.C. § 1331, 28 U.S.C. § 1343, 28 U.S.C. § 2201, 28 U.S.C. § 2202, and the common law of Alabama to obtain declaratory and injunctive relief and compensatory and punitive damages. Defendants violated Plaintiff's rights as guaranteed by the Constitution of the United States, by Federal law, and by Alabama law.

2. The violations of Plaintiff's rights as alleged herein occurred in Tallapoosa County, Alabama, and were committed within the Eastern Division of the Middle District of the

State of Alabama.

## PARTIES

3. Plaintiff Dorothy Bentley as Administratrix of the estate of Jerry Buckner (hereinafter, "Plaintiff") is over the age of 19 years, and is and at all times material hereto was a citizen of the United States and the State of Alabama.

4. Defendant Jimmy Abbott is a natural person believed to be over the age of 19 years, is or was at all times material hereto an employee, officer or agent of the Sheriff's Department of Tallapoosa County, and is a person whose conduct proximately and directly harmed Plaintiff.

5. Defendant Blake Jennings is a natural person believed to be over the age of 19 years, is or was at all times material hereto an employee, officer or agent of Tallapoosa County Jail, and is a person whose conduct proximately and directly harmed Plaintiff.

6. Defendant Dr. Shuister is a natural person believed to be over the age of 19 years, is or was at all times material hereto an employee, officer or agent of the Tallapoosa County Jail, and is a person whose conduct proximately and directly harmed Plaintiff.

7. Defendant Cathy Dubose is a natural person believed to be over the age of 19 years, is or was at all times material hereto an employee, officer or agent of the Tallapoosa County Jail, and is a person whose conduct proximately and directly harmed Plaintiff.

8. Defendant Tallapoosa County Jail is a municipal corporation sited in Tallapoosa, County, Alabama.

## NATURE OF PROCEEDINGS

9. This is a proceeding for a judgment declaring the relative rights, responsibilities and liabilities of the parties, each to the other, and for compensatory and punitive damages for

their suffering as a consequence of the wrongs alleged herein.

## FACTS

10. Plaintiff expressly adopts as if fully set forth herein the allegations in the foregoing paragraphs.

11. On or about September 8, 2005 Jimmy Buckner was arrested and placed in the Tallapoosa County Jail.

12. Jimmy Buckner had congestive heart failure and took several medications to treat this condition.

13. Jimmy Buckner notified Blake Jennings, the warden of Tallapoosa County Jail, of his need for medication and was denied said medication by Mr. Jennings.

14. Jimmy Buckner notified Jimmy Abbot, the sheriff of Tallapoosa County Jail, of his need for medication and was denied said medication by Mr. Abbott.

15. Jimmy Buckner notified Dr. Shuister, the medical doctor of Tallapoosa County Jail, of his need for medication and was denied said medication by Dr. Shuister.

16. Jimmy Buckner notified Cathy Dubose, the nurse of Tallapoosa County Jail, of his need for medication and was denied said medication by Ms. Dubose.

17. Each of the above named defendants had an opportunity to treat Mr. Buckner with said medication, but negligently, willfully or wantonly denied Mr. Buckner his medication.

18. On or about September 30, 2005, as a proximate consequence of the defendants' deliberate indifference to his serious medical condition, Jimmy Buckner died.

19. Defendants, at all times material hereto, were acting under color of law and pursuant to the policies and customs of the Tallapoosa County Jail.

20. Plaintiff Dorothy Bentley is the mother of Jerry Buckner, the Administratrix of his estate, and is a person entitled to take from that estate. Plaintiff has been injured and damaged by the wrongful death of Jerry Buckner.

## CAUSES OF ACTION

21. As to each of the counts herein below set forth, Plaintiff expressly adopts as if fully set forth herein the allegations of the foregoing paragraphs.

## COUNT I

## DEPRIVATION OF CIVIL RIGHTS UNDER COLOR OF STATE LAW
## 42 U.S.C. § 1983 – DENIAL OF DUE PROCESS

22. Jimmy Buckner was not provided with notice and opportunity to be heard when the above named defendants denied Mr. Buckner his medication without inquiring as to whether or for what reason Mr. Buckner needed his medication.

23. Jimmy Buckner had a right under the Fifth and Fourteenth Amendments to notice and a hearing as to whether or not he in fact needed his medication.

24. The aforementioned rights were clearly established at the time of the conduct giving rise to the claims herein.

25. Any reasonable officer and or employee and or agent knows or should know that the aforementioned rights were clearly established at the time of the conduct giving rise to the claims herein.

26. Jimmy Buckner's rights under the Fifth and Fourteenth Amendments were thus impermissibly abridged and violated.

27. Jimmy Buckner has been injured and damaged as a direct and proximate result of the violation of his rights under the Fifth and Fourteenth Amendments.

28. Plaintiff Dorothy Bentley has been injured and damaged as a direct and proximate result of the violation of Aaron Shaw's rights under the Fifth and Fourteenth Amendments.

## COUNT II – NEGLIGENCE

29. In carrying out their duties as officers/agents of the Tallapoosa County Jail, above named defendants owed a duty of care to Jerry Buckner once he was apprehended.

30. Above named defendants breached that duty of care in that they carried out their duties in a neglectful, unskillful, and careless manner as compared with other officers/agents under the same or similar conditions.

31. As a direct and proximate result of the neglect, unskillfulness, and carelessness of above named defendants, Jerry Buckner was injured and killed.

32. Plaintiff has been injured and damaged as a result of the neglect, unskillfulness, and carelessness of above named defendants.

## COUNT III – MUNICIPAL LIABILITY (State Law)

33. Jerry Buckner was injured as a direct and proximate result of the neglect, unskillfulness, and carelessness of above named defendants.

34. Plaintiff herein has been injured and damaged as a consequence of the damage to Jerry Buckner.

35. At all times material hereto, above named defendants were acting as agents, officers, or employees of the Tallapoosa County Jail.

36. Pursuant to Alabama statute, the Tallapoosa County Jail is responsible and liable for the conduct of above named defendants to the limits imposed by law.

37. The filing of this action constitutes appropriate and proper notice to the Tallapoosa County

Jail of the claims asserted herein.

## PRAYER FOR RELIEF

WHEREFORE, the premises considered, Plaintiff prays for relief as follows:

a) Enter a declaratory judgment that the policies and practices complained of herein are unlawful and violative of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, as addressed by and through 42 U.S.C. § 1983;

b) Grant compensatory damages in favor of Plaintiff as against all defendants of an amount to be determined by the trier of fact;

c) Grant punitive damages to Plaintiff against all defendants of an amount to be determined by the trier of fact;

d) Grant Plaintiff the cost of this action including reasonable attorneys' fees;

e) Grant such other, further and different relief as this Court may deem just and proper, including all equitable relief and attorney's fees and costs, the awarding of which is within the jurisdiction of the Court.

RESPECTFULLY SUBMITTED on this the 28th day of September, 2007.

K. ANDERSON NELMS (NEL022)
Plaintiff's Attorney

OF COUNSEL:
Law Offices of Jay Lewis, LLC
P.O. Box 5059
Montgomery, AL 36103
(334) 263-7733 (voice)
(334) 832-4390 (fax)

```
Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602000585
Cashier ID: khaynes
Transaction Date: 10/01/2007
Payer Name: ANDERSON NELMS AND ASSOC LLC
------------------------------------
CIVIL FILING FEE
 For: ANDERSON NELMS AND ASSOC LLC
 Case/Party: D-ALM-3-07-CV-000873-001
 Amount:         $350.00
------------------------------------
CHECK
 Check/Money Order Num: 1194
 Amt Tendered:  $350.00
------------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00
```

Dorothy Bentley v. Jimmy Abbott et al

3:07-cv-000873-MHT-WC