## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

| | |
|---|---|
| **DOROTHY BENTLEY, as** ) | |
| **Administratrix of the Estate of** ) | |
| **JERRY BUCKNER,** ) | |
| ) | |
| **Plaintiff** ) | **3:07-cv-00873-MHT-WC** |
| ) | |
| **v.** ) | |
| ) | |
| **JIMMY ABBOTT, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## SHERIFF ABBETT, BLAKE JENNINGS AND CATHY DUBOSE'S MOTION TO DISMISS

COME NOW Tallapoosa County Sheriff Jimmy Abbett,[1] Blake Jennings, and Cathy Dubose, Defendants in the above-entitled action, and move this Court to dismiss all claims against them pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  As grounds therefor, the Defendants state as follows:

1.    The Plaintiff has filed a three-count Complaint against these and other Defendants containing federal and state law claims.  (See generally Doc. 1.)

2.    These Defendants are entitled to be dismissed from this action as the Plaintiff has failed to state any claim against them as a matter of law.

---

[1] The Plaintiff has incorrectly identified Sheriff Abbett as "Abbott".

3.     The Plaintiff's federal claims are due to be dismissed because these Defendants are entitled to qualified immunity.

4.     The Plaintiff's state law claims are due to be dismissed because these Defendants are entitled to sovereign immunity.

5.     Defendants request an opportunity to be heard on this motion.

**WHEREFORE, THE ABOVE PREMISES CONSIDERED**, Sheriff Abbett, Warden Jennings, and Nurse DuBose respectfully request that the Court issue an Order dismissing the Plaintiff's claims against them, and awarding them attorneys fees in accordance with 42 U.S.C. § 1988.

Respectfully submitted, this 19th day of November, 2007.

**s/Gary L. Willford, Jr.**
BART HARMON, Bar No. HAR127
GARY L. WILLFORD, JR., Bar No. WIL198
Attorneys for Defendants
WEBB & ELEY, P.C.
7475 Halcyon Pointe Road (36117)
Post Office Box 240909
Montgomery, Alabama  36124
Telephone:  (334) 262-1850
Fax:  (334) 262-1889
E-mail:  gwillford@webbeley.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this the 19th day of November, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following participants. Non-participants have been served via U.S. Mail, postage prepaid.

| | |
|---|---|
| Jay Lewis, Esq.<br>K. Anderson Nelms, Esq.<br>Law Offices of Jay Lewis, LLC<br>P.O. Box 5059<br>Montgomery, AL  36103 | Counsel for  Plaintiff<br>263-7733<br>Fax 832-4390<br>andynelms@jaylewislaw.com |
| Dr. Shuister<br>c/o Tallapoosa County Jail<br>316 Industrial Park Drive<br>Dadeville, AL  36853 | Defendant<br> via U.S. Mail |
| Thomas A. Radney, Esq.<br>P.O. Box 819<br>Alex City, AL  35011 | courtesy copy via U.S. Mail<br>256-234-2547 |

**s/Gary L. Willford, Jr.**
OF COUNSEL

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

| | |
|---|---|
| **DOROTHY BENTLEY, as** ) | |
| **Administratrix of the Estate of** ) | |
| **JERRY BUCKNER,** ) | |
| ) | |
| **Plaintiff** ) | **3:07-cv-00873-MHT-WC** |
| ) | |
| **v.** ) | |
| ) | |
| **JIMMY ABBOTT, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

### SHERIFF ABBETT, BLAKE JENNINGS AND CATHY DUBOSE'S
### MEMORANDUM BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS

COME NOW Tallapoosa County Sheriff Jimmy Abbett,[1] Blake Jennings, and Cathy Dubose, Defendants in the above-entitled action, and file this Memorandum Brief in Support of their contemporaneously filed Motion to Dismiss.

### INTRODUCTION

The Plaintiff, as Administratrix of the estate of her son, Jerry Buckner, brings this 42 U.S.C. § 1983 action against the Defendants alleging violations of her decedent's rights under the Fourth, Fifth and Fourteenth Amendment to the United States Constitution. (Doc. 1 at ¶¶ 1, 23.) In Count I, the Plaintiff appears

---

[1] The Plaintiff has incorrectly identified Sheriff Abbett as "Abbott".

to allege that the Defendants denied Mr. Buckner procedural due process rights under the Fifth and Fourteenth Amendments by not providing him with notice and an opportunity to be heard with respect to his medical needs.  Id. at ¶¶ 22, 23, 26, 27.  Arguably, in light of the Plaintiff's factual allegations, Count I could also contain a Fourteenth Amendment deliberate indifference to a serious medical condition claim.  Id. at ¶ 18.  The Plaintiff also brings a state law negligence claim against the Defendants in Count II.  Id. at ¶¶ 29-32.[2]  The Defendants are sued only in their individual capacities.  Id. at p. 1.

Sheriff Abbett, Blake Jennings, and Cathy Dubose now move the Court to enter an Order dismissing all of the Plaintiff's claims against them.  As set out more fully, below, these Defendants are entitled to qualified and absolute immunity as a matter of law.

## FACTS

The Complaint contains few facts that are contained in a mere ten paragraphs.  (Doc. 1 at ¶¶ 11-20.)  As alleged by the Plaintiff, Jimmy Abbett was the Sheriff of Tallapoosa County.  Id. at ¶ 14.  Blake Jennings was the Warden of the Tallapoosa County Jail.  Id. at ¶ 13.  Cathy Dubose was the jail nurse.  Id. at ¶ 16.

---

[2] Count III, a state law municipal liability claim, is not directed at these Defendants.  (Doc. 1 at ¶¶ 33-37.)

The Plaintiff's deceased was arrested on or about September 8, 2005, and incarcerated in the Tallapoosa County Jail.  (Doc. 1 at ¶ 11.)    According to the Complaint, Mr. Buckner had congestive heart failure and took medications for the condition.  Id. at ¶ 12.  The Plaintiff alleges that Mr. Buckner told each of the individual Defendants about his need for medications and each Defendant denied him the medications.  Id. at ¶¶ 13-16.  One of the individual Defendants that Mr. Buckner supposedly notified was the Jail Doctor, Dr. Shuister.  Id. at ¶ 15.

On September 30, 2005, Mr. Buckner died.  (Doc. 1 at ¶ 18.)  The Plaintiff alleges that Mr. Buckner's death was "a proximate consequence" of his having a serious medication condition and the Defendants' deliberate indifference to it.  Id.

## ARGUMENT

A motion to dismiss will be granted when the movant demonstrates "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  See Harper v. Blockbuster Entertainment Corp., 139 F.3d 1385, 1387 (11th Cir. 1998) (affirming district court's grant of 12(b)(6) dismissal) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  The Complaint, at least insofar as it relates to the Plaintiff's claims against these Defendants, contains little more than conclusory allegations that cannot survive a motion to dismiss.  See Aquatherm Industries, Inc. v. Florida Power & Light Co., 145 F. 3d 1258, 1261 (11th Cir. 1998) (affirming dismissal and approving district court's

reasoning that "vague, conclusory allegations are insufficient to state a claim upon which relief can be granted").    "Pleadings must be something more than an ingenious academic exercise in the conceivable."    Marsh v. Butler County, 268 F.3d 1014, 1037 (11th Cir. 2001) (en banc) (citation omitted).    In addition, unsupported conclusions of law or of mixed law and fact are not sufficient to withstand dismissal under Rule 12(b)(6).    Marsh, 268 F.3d at 1036 n.16; see also South Florida Water Mgmt. Dist. v. Montalvo, 84 F.3d 402, 408 n.10 (11th Cir. 1996) (noting "as a general rule, conclusory allegations and unwarranted deductions of fact are not admitted as true in a motion to dismiss").

With respect to the Plaintiff's federal claims, each of these Defendants is entitled to qualified immunity.    The Plaintiff's state law claims are barred by sovereign immunity.    Consequently, as set forth in detail below, the Plaintiff cannot state a claim against these Defendants as a matter of law.

## I.    SHERIFF ABBETT, WARDEN JENNINGS, AND NURSE DUBOSE ARE ENTITLED TO QUALIFIED IMMUNITY TO THE PLAINTIFF'S FEDERAL CLAIMS.

As a matter of law, Sheriff Abbett, Warden Jennings and Nurse DuBose are entitled to qualified immunity.    Qualified immunity is a protection designed to allow government officials to avoid the expense and disruption of trial.    Ansley v. Heinrich, 925 F.2d 1339, 1345 (11th Cir. 1991).    Qualified immunity will be denied to an official only when "[t]he contours of the right [violated are] sufficiently clear that a

reasonable official would understand that what he is doing violates that right."
United States v. Lanier, 520 U.S. 259, 270 (1997).  In the light of pre-existing law
the unlawfulness must be apparent.  Anderson v. Creighton, 483 U.S. 635, 640
(1987).  The official is entitled to "fair warning" that his conduct would deprive a
person of a constitutional right.  Willingham v. Loughnan, 321 F.3d 1299, 1301
(11th Cir. 2003).

Once a defendant has asserted the defense of qualified immunity, the threshold
inquiry a court must undertake is whether the Plaintiff's allegations, if true,
establish a constitutional violation.  Saucier v. Katz, 533 U.S. 194, 201 (2001).
This initial inquiry is whether "[t]aken in the light most favorable to the party
asserting the injury, do the facts alleged show the officer's conduct violated a
constitutional right?"  Id. (citing Siegert v. Gilley, 500 U.S. 226, 232 (1991)).  In
other words, do the facts alleged in the Plaintiff's Complaint show that the conduct
of Sheriff Abbett, Warden Jennings and Nurse DuBose violated one or more of her
deceased's constitutional rights?   The second inquiry is, if a constitutional
violation is stated, was the right "clearly established" to the degree that these
Defendants had "fair warning" that their conduct violated Plaintiff's constitutional
rights?

"Unless the Plaintiff's allegations state a claim of violation of clearly
established law, a Defendant pleading qualified immunity is entitled to dismissal

*before the commencement of discovery*." See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (emphasis added). The burden is on the Plaintiff to show that Sheriff Abbett, Warden Jennings and Nurse DuBose violated clearly established law. Id. As the Eleventh Circuit has held:

> Qualified immunity is a doctrine that focuses on the actual, on the specific, on the details of concrete cases. The most common error we encounter, as a reviewing court, occurs on this point: courts must not permit plaintiffs to discharge their burden by referring to general rules and to the violation of abstract 'rights.'

Lassiter v. Alabama A&M Univ. Bd. of Trustees, 28 F.3d 1146, 1149-50 (11th Cir. 1994) (en banc).

Qualified immunity mandates the dismissal of the Plaintiff's federal claims in the case at bar. First, Sheriff Abbett, Warden Jennings and Nurse DuBose were acting within their discretionary authority. Second, the allegations in the Complaint are not sufficient to establish a violation of Mr. Buckner's rights. Third, even if the Complaint could be deemed to state a constitutional violation, no clearly established law provided Sheriff Abbett, Warden Jennings and Nurse DuBose with fair warning that their conduct was illegal.

### A. Sheriff Abbett, Warden Jennings and Nurse DuBose Were Acting Within Their Discretionary Authority At All Times Relevant To The Plaintiff's Complaint.

These Defendants were acting within their discretionary authority. The Eleventh Circuit has stated that discretionary authority is a low hurdle to clear.

Jordan v. Doe, 38 F.3d 1559, 1565 (11th Cir. 1994).  A government official may show that he acted within the scope of his discretionary authority by showing that (1) the actions taken were pursuant to the performance of his duties; and (2) said actions were within the scope of his authority.  Rich v. Dollar, 841 F.2d 1558, 1564 (11th Cir. 1988).

From the face of the Complaint, it is clear that Sheriff Abbett, Warden Jennings and Nurse DuBose were acting within their discretionary authority.  The Complaint clearly alleges that each of these Defendants served in some capacity (Sheriff, Warden or Nurse) in the Tallapoosa County Jail.  (Doc. 1 at ¶¶ 13, 14, 16.)  Mr. Buckner is alleged to have been an inmate in the jail.  Id. at ¶ 11.  The Complaint contains no other factual allegations indicating that these Defendants stood in any other relationship with the Mr. Buckner other than their positions at the jail.  (See generally Doc. 1.)  The facts alleged therefore show that these Defendants acted only in their respective jail capacities and would have had no other cause to interact with the Plaintiff other than in the course of their respective duties at the jail.  Consequently, Sheriff Abbett, Warden Jennings and Nurse DuBose easily clear the low hurdle of demonstrating that they acted within the scope of their discretionary authority.  Rich, 841 F.2d at 1564.

**B.    The Complaint Fails To Allege A Violation Of Mr. Buckner's Federally Protected Rights.**

Because Sheriff Abbett, Warden Jennings and Nurse DuBose were acting within their discretionary authority the burden shifts to the Plaintiff to demonstrate that these Defendants violated one or more of Mr. Buckner's federally protected rights.  Saucier, 533 U.S. at 201.  The facts alleged in the Complaint fail to meet the Plaintiff's Burden for three reasons.  First, The Fifth Amendment's due process clause is inapplicable to state officials.  Second, the Plaintiff's novel procedural due process claim is not cognizable as a violation of federal law.  Finally, these Defendants were not deliberately indifferent.

**1.    The Protections of the Fifth Amendment Have No Applicability to State Officals.**

The Plaintiff alleges violations of her deceased's Fifth Amendment rights.  However, the Fifth Amendment's Due Process Clause does not apply to state and local governments, but rather applies only to the federal government.  See Dowdell v. Chapman, 930 F. Supp. 533, 542 (M.D. Ala. 1996); Knoetze v. United States Dep't of State, 634 F.2d 207, 211 (5th Cir. 1981).[3]  Thus, the Plaintiff's Fifth Amendment claim against the Defendants is due to be dismissed.

---

[3] See Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc) (decisions of the Fifth Circuit handed down before close of business on September 30, 1981 are binding precedent on the Eleventh Circuit).

## 2.    These Defendants Did Not Violate Mr. Buckner's Due Process Rights.

To demonstrate a procedural due process violation, a plaintiff must allege "(1) a constitutionally protected interest in life, liberty or property, (2) governmental deprivation of that interest, and (3) the constitutional inadequacy of procedures accompanying the deprivation." <u>Bank of Jackson County v. Cherry</u>, 980 F.2d 1362, 1366 (11th Cir. 1993). In the instant case, Sheriff Abbett, Warden Jennings and Nurse DuBose are entitled to have the Plaintiff's procedural due process claim dismissed for two reasons. First, the Plaintiff cannot establish constitutionally inadequate procedures on the facts alleged in the Complaint. Second, the Plaintiff's procedural due process claim can never become "ripe" because the State of Alabama provides adequate post-deprivation remedies.

### a.    The Plaintiff cannot establish that the process involved was inadequate.

To support her claim, the Plaintiff implausibly alleges that her deceased was entitled to a hearing to decide whether he needed certain unspecified medications. (Doc. 1 at ¶¶ 22-23.) In essence, the Plaintiff's argument is that because he is an inmate, there must be a hearing to decide what medical treatment he will receive. The Plaintiff's argument does not pass muster on the basis of common sense or any existing law.

The Plaintiff's claim is utterly preposterous when one considers that persons in the free world are not entitled to such a hearing. When a free citizen is ill, he or she goes to a doctor and follows that doctor's treatment plan. There is no notice – at least not a notice that is constitutionally proscribed. There is no hearing – just a medical examination.

Even if such a hearing were required, the Plaintiff had it. As alleged in the Complaint, Mr. Buckner was seen by Dr. Shiuster, the Tallapoosa County Jail doctor. (Doc. 1 at ¶ 15.) He had an opportunity to tell Dr. Shiuster about his purported medications, and according to the Complaint, he did so. Id. Consequently, it is difficult to see how, in light of these allegations, Mr. Buckner did not have notice or an opportunity to be heard by a physician – the relevant decision maker in this context.

### b. The Plaintiff's due process claim is not, and cannot become, ripe.

A due process claim does not become ripe unless and until there is a failure by the State to provide a post-deprivation remedy – even if the deprivation was *intentional*. See Hudson v. Palmer, 468 U.S. 517, 533 (1984). The instant Plaintiff cannot establish a procedural due process violation because there are adequate post-deprivation remedies available to her. See Parrat v. Taylor, 451 U.S. 527, 537 (1981) (overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986)). "[I]n a situation where the State cannot predict and guard in

advance against a deprivation, a post-deprivation tort remedy is all the process the State can be expected to provide, and is constitutionally sufficient." <u>Zinermon v. Burch</u>, 494 U.S. 113, 115 (1990). An example of such a situation occurs where quick state action is necessary. <u>Logan v. Zimmerman Brush Co.</u>, 455 U.S. 422, 436 (1982) (quoting <u>Parratt</u>, 451 U.S. at 539).

Here, not only does the Plaintiff have adequate post-deprivation remedies, she has pled them before this Court. The Complaint contains state law tort claims for negligence and municipal liability. (Doc. 1 at ¶¶ 29-37.) Furthermore, the fact that these Defendants have immunity to the state law claims does ***not*** render them inadequate as post-deprivation remedies. <u>Rittenhouse v. DeKalb County</u>, 764 F.2d 1451, 1459 (11th Cir. 1985) (stating "the sovereign immunity enjoyed by [a government official] [does] not render appellant's state law remedy inadequate under <u>Parratt</u>.") (<u>cert. denied</u>, 475 U.S. 1014 (1986)). Accordingly, as the Plaintiff's due process claim cannot become ripe it must be dismissed.

### 3. <u>These Defendants Were Not Deliberately Indifferent.</u>

There is no constitutional mandate that prisons or jails be made comfortable. <u>Rhodes v. Chapman</u>, 452 U.S. 337, 349 (1981). "Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." <u>Price v. Johnston</u>, 334 U.S. 266, 285 (1948). "Maintaining institutional security and preserving internal

order and discipline are essential goals that may require limitation or retraction of the retained constitutional rights of both convicted prisoners and pretrial detainees." Bell v. Wolfish, 441 U.S. 520, 546 (1979).

A claim by a pretrial detainee regarding conditions of confinement is reviewed under the Fourteenth Amendment's substantive due process standard. Bell v. Wolfish, 441 U.S. at 575 n.16. The standard for evaluating the constitutionality of a particular restriction for purposes of affording due process, therefore, is whether the restriction amounts to punishment of the detainee. Id. at 535. The Eleventh Circuit has held that the analysis of a pretrial detainee's conditions of confinement claim is not appreciably different from the Eighth Amendment's cruel and unusual standard for convicted inmates. Hamm v. DeKalb County, 774 F.2d 1567, 1574 (11th Cir. 1985) (noting that under the Eighth Amendment, "states may not impose punishments that shock the conscience, involve unnecessary and wanton infliction of pain, offend evolving notions of decency, or are grossly disproportionate to the offense for which they are imposed.").

In order to prevail under 42 U.S.C. § 1983 on a medical claim, the Plaintiff must demonstrate that the Defendants were deliberately indifferent to a "serious" medical condition, such that the Defendants' conduct constitutes [a Fourteenth] Amendment violation. See Hudson v. McMillian, 503 U.S. 1, 9 (1992) ("Because society does not expect that prisoners will have unqualified access to health care,

deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'") (citing Estelle v. Gamble, 429 U.S. 97, 103-104 (1976)).  In Estelle, the Supreme Court stated:

> [I]n the medical context, an inadvertent failure to provide adequate medical care cannot be said to constitute 'an unnecessary and wanton infliction of pain' or to be 'repugnant to the conscience of mankind.' Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.  In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.  ***It is only such indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment***.

429 U.S. at 105-06 (emphasis added).  See also, Farmer v. Brennan, 511 U.S. 825, 837 (1994) ("Deliberate indifference describes a state of mind more blameworthy than negligence.").  Furthermore, where a prisoner has received medical attention and the dispute concerns the adequacy of the medical treatment, deliberate indifference is not shown.  Hamm v. DeKalb County, 774 F.2d 1567 (11th Cir. 1985).

Looking at the facts alleged in the instant Complaint, the Defendants concede for purposes of the instant motion that the Plaintiff has alleged sufficiently that her deceased had a serious medical condition.  However, what the facts alleged do not show is that these Defendants were deliberately indifferent to it.

As discussed above, and set out in the Plaintiff's Statement of Facts, Mr. Buckner was seen by the **jail doctor**.  (Doc. 1 at ¶ 15.)  For reasons the Plaintiff has not alleged, Dr. Shuister did not prescribe or continue the Plaintiff's medications.  Id.  Consequently, assuming, *arguendo*, that Mr. Buckner had a serious medical condition and informed each of these Defendants concerning the condition, the Complaint **alleges** that they were not deliberately indifferent because Mr. Buckner was seen by the jail doctor.  Id.

Where the Plaintiff's real bone of contention lies is in the type of assistance her deceased received.   The Plaintiff appears to be laboring under the misunderstanding that jail personnel are required to provide inmates with the treatment option the inmate desires.  However, as a matter of law, an inmate does not have a right to a **specific** kind of treatment.  City of Revere v. Massachusetts General Hosp., 463 U.S. 239, 246 (1983) (holding, "the injured detainee's constitutional right is to receive the needed medical treatment; **how [a municipality] obtains such treatment is not a federal constitutional question**.") (emphasis added).  Additionally, this Court should not substitute its medically untrained judgment for the professional judgment of the medical health professionals who treated Plaintiff.  See Waldrop v. Evans, 871 F.2d 1030, 1035 (11th Cir. 1989) (observing that "when a prison inmate has received medical care, courts hesitate to find an Eighth Amendment violation"); Hamm v. DeKalb

14

County, 774 F.2d 1567, 1575 (11th Cir. 1985) (stating that the evidence showed the plaintiff received "significant" medical care while in jail, and although plaintiff may have desired different modes of treatment, care provided by jail did not constitute deliberate indifference), cert. denied, 475 U.S. 1096 (1986); Westlake v. Lucas, 537 F.2d 857, 860 n.5 (6th Cir. 1976) (stating "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments").

Furthermore, there are no facts alleged showing that Sheriff Abbett and Warden Jennings have any kind of medical education, training or experience – nor would they be expected to have such training.  They rely upon the professional judgment of medical professionals who have been retained to provide care to the inmates.  In Williams v. Limestone County, 198 Fed. App'x. 893 (11th Cir. 2006), the Eleventh Circuit addressed in an unpublished opinion the issue of whether an inmate may maintain a medical claim under the auspices of § 1983 against prison officials with no medical background.  In Williams, the Eleventh Circuit held that a Sheriff was not liable for failure to train his employees in emergency medical procedures.  In so holding, the Court noted:

> [W]e cannot say, on this record, that "the need for more or different training [was] obvious," such that by failing to ensure jail personnel were trained in emergency medical procedures, Sheriff Blakely

disregarded a substantial risk that the jail staff would be deliberately indifferent to inmates' medical needs ….

[T]here is no indication from the record that Sheriff Blakely had notice his policies, training procedures, or supervision were "likely to result in the violation of a constitutional right." ….

[S]upervisory officials are entitled to rely on medical judgments made by medical professionals responsible for prisoner care.  See, e.g., Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir.1993); White v. Farrier, 849 F.2d 322, 327 (8th Cir.1988).  In this case, Sheriff Blakely promulgated general procedures for dealing with emergency situations, which procedures relied primarily on the medical expertise Naphcare was obligated by contract to provide ….  "[D]eliberate indifference is a stringent standard of fault, requiring proof that [the] actor disregarded a known or obvious consequence of his action." Bd. of County Comm'rs v. Brown, 520 U.S. 397, 117 S. Ct. 1382, 1391, [] (1997).  See also Adams v. Poag, 61 F.3d 1537, 1543 (11th Cir. 1995).  Williams [the plaintiff], as the district court concluded, thus failed to meet his burden on summary judgment of establishing that Sheriff Blakely's failure to train jail personnel amounted to deliberate indifference to Williams' serious medical condition.

198 Fed. App'x. at 897-898.

For her part, Nurse DuBose clearly has medical training and experience. However, as with Sheriff Abbett and Warden Jennings, she is obviously relegated to following the instructions of Dr. Shuister.  She too, is required to rely upon the medical judgment of the jail's doctor.

The Eighth Circuit has addressed whether a jail official – including a jail official with training as a nurse – may be held liable for claims of deliberate indifference to a medical condition when medical treatment is provided.  In Meloy v. Bachmeier, 302 F.3d 845 (8th Cir. 2002), a former inmate sued several prison

doctors, a nurse, and the prison's medical director[4] for failing to provide him with a positive air pressure machine needed to treat his sleep apnea.  Meloy, 302 F.3d at 847.  Reversing the district court's denial of summary judgment for the director, the Eighth Circuit began by making some common sense observations.  "A prison's medical treatment director who lacks medical expertise cannot be liable for the medical staff's diagnostic decisions."  302 F.3d at 847 citing, Camberos v. Branstad, 73 F.3d 174, 176 (8th Cir. 1995).  Further, the Meloy court stated "[p]rison officials cannot substitute their judgment for a medical professional's prescription."  Id. citing, Zentmyer v. Kendall County, 220 F.3d 805, 812 (7th Cir. 2000).  Finally, the court held:

> The law does not clearly require an administrator with less medical training to second-guess or disregard a treating physician's treatment decision.  Because the law was not clearly established that [the director] was deliberately indifferent to [the plaintiff's] serious medical needs, [the director] is entitled to qualified immunity.

302 F.3d at 849.

The Complaint alleges that Mr. Buckner was seen by the jail doctor.  The jail doctor did not, for whatever reason, prescribe the medications the Plaintiff claims that her deceased required.  Case law holds that these Defendants are required to follow the instructions of the jail doctor.  Therefore, these Defendants were not deliberately indifferent.

---

[4] The medical director was a trained and licensed nurse.  Zentmyer, 302 F.3d at 846.

**B.    No Clearly Established Law Provided Fair Warning To Sheriff Abbett, Warden Jennings and Nurse DuBose That Their Conduct Was Illegal.**

Assuming, *arguendo*, that the Plaintiff could demonstrate a constitutional violation, she must still show that clearly established law provided Sheriff Abbett, Warden Jennings and Nurse DuBose with fair warning that their conduct was unlawful.  The Plaintiff may do so by either (1) pointing to a case with materially similar facts holding that the conduct engaged in was illegal; or (2) demonstrating that a pertinent federal statute or federal constitutional provision are specific enough to demonstrate conduct was illegal, even in the total absence of case law.  Storck v. City of Coral Springs, 354 F.3d 1307, 1317 (11th Cir. 2003) (citations omitted).  The Eleventh Circuit has identified the latter method as an "obvious clarity" case. Vinyard v. Wilson, 311 F.3d 1340, 1350 (11th Cir. 2002) (footnote omitted).  In order to show that the conduct of these Defendants was unconstitutional with "obvious clarity," "the unlawfulness must have been apparent."  Willingham, 321 F.3d at 1301.  "Unless a government agent's act is so obviously wrong, in the light of pre-existing law, that only a plainly incompetent officer or one who was knowingly violating the law would have done such a thing, the government actor has immunity from suit."  Storck, 354 F.3d at 1318 (quoting 28 F.3d at 1149).

The Plaintiff has not produced a materially similar case.  The Plaintiff has alleged in conclusory fashion that clearly established law existed at the time

Mr. Buckner was incarcerated in the Tallapoosa County Jail.  (Doc. 1 at ¶ 24.) However, the Plaintiff has failed to cite any authority in the Complaint that supports her claim.  (See generally Doc. 1.)  Moreover, the Plaintiff's claim that a due process hearing to determine whether he needed his medications – replete with all the trappings of due process including notice and an opportunity to be heard – finds no basis in any case law that the undersigned can find.

This is also not an obvious clarity case.  As the case law cited above shows, the actions taken by these Defendants, e.g., relying upon the treatment decisions of the jail doctor, have been upheld by federal appellate courts.  See, e.g., Williams, 198 Fed. App'x. at 897-898; Meloy, 302 F.3d at 847; Zentmyer, 220 F.3d 805 at 812; Camberos, 73 F.3d 174 at 176.  The Plaintiff's due process claim suffers from a similar infirmity as ample case law exists holding that such claims are not viable where the State provides adequate post-deprivation remedies.  See, e.g., Hudson, 468 U.S. at 533; Parrat, 451 U.S. at 537; Zinermon, 494 U.S. at 115.

Consequently, even if the Plaintiff is able to show a constitutional violation, she cannot demonstrate that clearly established law provided these Defendants with the requisite fair warning that their conduct violated Mr. Buckner's constitutional rights.

## II.    SHERIFF ABBETT, WARDEN JENNINGS, AND NURSE DUBOSE ARE ENTITLED TO ABSOLUTE IMMUNITY TO THE PLAINTIFF'S STATE LAW CLAIMS.

Article I, § 14 of the Alabama Constitution of 1901 provides "[t]hat the State of Alabama shall never be made a defendant in any court of law or equity."  This section grants the State and its agencies an "absolute" immunity from suit in any court.  Ex parte Mobile County Dep't of Human Res., 815 So. 2d 527, 530 (Ala. 2001).  Section 14 immunity bars "almost every conceivable type of suit." Hutchinson v. Bd. of Trustees of Univ. of Ala., 256 So. 2d 281, 283 (Ala. 1971). Section 14 immunity is "nearly impregnable."  Patterson v. Gladwin Corp., 835 So. 2d 137, 142 (Ala. 2002).

Under Alabama law, each county sheriff is an executive officer of the State. Article V, § 112 of the Alabama Constitution of 1901; see also McMillian v. Monroe County, 520 U.S. 781, 793 (1997) (holding that an Alabama sheriff represents the State of Alabama when executing law enforcement duties).   In McMillian, the plaintiff alleged, inter alia, that the sheriff of Monroe County and one of his investigators were responsible for his wrongful conviction of murder. 520 U.S. at 783-84.  The plaintiff subsequently filed a § 1983 lawsuit that included Monroe County as a defendant based on the theory that the sheriff was a final policymaker for the county.  Id.  The Court held that an Alabama sheriff is a state official for law enforcement purposes.  Id. at 793.

In so holding, the Court examined Alabama's Constitution, statutes, and case law. The Court began by examining Art. V, § 112, Ala. Const. of 1901, and the legislative history of that provision. The Court found that sheriffs were removed from the county to make them more accountable. Id. at 788-89. Turning to an examination of the statutory law, the Supreme Court found that an Alabama sheriff was expressly given law enforcement authority in the county. Id. at 790 (citing ALA. CODE § 36-22-3(4)). In performing this duty, the sheriff reported to, and was subject to the orders of, state officials. Id. at 791 (citing ALA. CODE § 36-22-5). Counties, on the other hand, had no law enforcement authority under Alabama law. Id. at 790 (citing ALA. CODE § 11-3-11).

The Court also examined the Alabama Supreme Court's treatment of the issue of the sheriff's status. The United States Supreme Court noted that the Alabama Supreme Court had concluded that the sheriff was a state official. Id. at 792 n.7 (citing Parker v. Amerson, 519 So. 2d 442 (Ala. 1987)). The McMillian Court also took note of the fact that the Eleventh Circuit, construing the same statutory scheme, had also found that Alabama sheriffs are state, not county, officers. See e.g., McMillian v. Johnson, 88 F.3d 1573, 1578 (11th Cir. 1996). As an executive branch, constitutional officer of the State, Sheriff Abbett is entitled to immunity under § 14 from *all* state law claims, including constitutional claims, even though sued in his individual capacity. Lancaster v. Monroe County, 116

F.3d 1419, 1431 (11th Cir. 1998) (holding sheriff entitled to sovereign immunity);

Parker v. Amerson, 519 So. 2d 442, 445 (1987) (holding the Sheriff immune from

suit although sued "individually, and as Sheriff").)

Deputy sheriffs are legally extensions of their sheriff and are likewise

considered officers of the State of Alabama.  See Hereford v. Jefferson County,

586 So. 2d 209, 210 (Ala. 1991); Carr v. City of Florence, 918 F.2d 1521, 1525-26

(11th Cir. 1990) (holding that, under Alabama law, a deputy is legally an extension

of the sheriff).  Jail staff are also employees of the sheriff, and therefore, state

officials.  Turquitt v. Jefferson County, 137 F.3d 1285, 1289 (11th Cir. 1998)

(en banc).  Accordingly, as employees of Sheriff Abbett, Warden Jennings and

Nurse DuBose likewise entitled to immunity and a dismissal of the Plaintiff's state

law claims.

## CONCLUSION

Based upon the foregoing, Sheriff Jimmy Abbett, Warden Blake Jennings

and Nurse Cathy DuBose request that the Court issue an order dismissing all of

the Plaintiff's claims against them and grant unto them costs and attorneys fees in

accordance with 42 U.S.C. § 1988.

Respectfully submitted, this 19th day of November, 2007.

**s/Gary L. Willford, Jr.**
BART HARMON – Bar No. HAR127
GARY L. WILLFORD, JR. – Bar No. WIL198
Attorneys for Defendants
WEBB & ELEY, P.C.
7475 Halcyon Pointe Road (36117)
Post Office Box 240909
Montgomery, Alabama  36124
Telephone:  (334) 262-1850
Fax:  (334) 262-1889
E-mail:  gwillford@webbeley.com

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this the 19th day of November, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following participants. Non-participants have been served via U.S. Mail, postage prepaid.

| | |
|---|---|
| Jay Lewis, Esq.<br>K. Anderson Nelms, Esq.<br>Law Offices of Jay Lewis, LLC<br>P.O. Box 5059<br>Montgomery, AL  36103 | Counsel for  Plaintiff<br>263-7733<br>Fax 832-4390<br>andynelms@jaylewislaw.com |
| Dr. Shuister<br>c/o Tallapoosa County Jail<br>316 Industrial Park Drive<br>Dadeville, AL  36853 | Defendant<br> via U.S. Mail |
| Thomas A. Radney, Esq.<br>P.O. Box 819<br>Alex City, AL  35011 | courtesy copy via U.S. Mail<br>256-234-2547 |

**s/Gary L. Willford, Jr.**
OF COUNSEL