# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **DOROTHY BENTLEY, as** <br> **Administratrix of the Estate of** <br> **JERRY BUCKNER,** <br><br> Plaintiff <br><br> v. <br><br> **JIMMY ABBOTT, et al.,** <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> )    3:07-cv-00873-MHT-WC <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## DEFENDANT TALLAPOOSA COUNTY JAIL'S MOTION TO DISMISS

COMES NOW the Defendant designated in Plaintiff's Complaint as the Tallapoosa County Jail, and moves this Court to dismiss all claims against it pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. As grounds therefor, the Defendant states as follows:

1. The Plaintiff has filed a Complaint naming, *inter alia*, an entity designated as the Tallapoosa County Jail.

2. Assuming, *arguendo*, that the Plaintiffs have stated otherwise valid causes of action, the Plaintiff's allegations against the Tallapoosa County Jail still fail to state a claim as a matter of law. Under Alabama law, a sheriff's department is not a legal entity that may sue or be sued. See Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992). In Dean, the Eleventh Circuit began by noting that

"[s]heriff's departments and police departments are not usually considered legal entities." 951 F.2d at 1214.  The Court went on to hold that "[u]nder Alabama law, a county sheriff's department lacks the capacity to be sued." Id. at 1215, (citing White v. Birchfield, 582 So. 2d 1085, 1087 (Ala. 1991)).

3. The same reasoning applies to the Tallapoosa County Jail.  Like sheriffs' departments, county jails under Alabama law are run by the sheriff.  See, e.g., Turquitt v. Jefferson County, 137 F.3d 1285, 1289 (11th Cir. 1998) ("Under the Alabama Code, the sheriff has control over the inmates of the jail, the employees of the jail, and the jail itself").  Also like the sheriffs' departments, there are no provisions under Alabama law recognizing a county jail as an entity that is capable of suing or being sued.  As such questions are controlled by state law, the Defendant designated as the Tallapoosa County Jail is due to be dismissed.  Dean, 951 F.2d at 1214-15.

4. Plaintiff's counsel conceded that the Tallapossa County Jail is not a suable legal entity.

5. Consequently, the Plaintiff cannot maintain an action against this Defendant.

**WHEREFORE, THE ABOVE PREMISES CONSIDERED**, the entity identified in the Plaintiff's Complaint as the Tallapoosa County Jail respectfully requests that the Court issue an Order dismissing it as a Defendant in this cause.

Respectfully submitted, this 19th day of November, 2007.

        **s/Gary L. Willford, Jr.**
        BART HARMON – Bar No. HAR127
        GARY L. WILLFORD, JR. – Bar No. WIL198
        Attorneys for Defendant
        WEBB & ELEY, P.C.
        7475 Halcyon Pointe Road (36117)
        Post Office Box 240909
        Montgomery, Alabama  36124
        Telephone:  (334) 262-1850
        Fax:  (334) 262-1889
        E-mail:  gwillford@webbeley.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 19th day of November, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to participants. Non-participants have been served via U.S. Mail, postage prepaid:

| | |
|---|---|
| Jay Lewis, Esq.<br>K. Anderson Nelms, Esq.<br>Law Offices of Jay Lewis, LLC<br>P.O. Box 5059<br>Montgomery, AL  36103 | Counsel for  Plaintiff<br>263-7733<br>Fax 832-4390<br>andynelms@jaylewislaw.com |
| Dr. Shuister<br>c/o Tallapoosa County Jail<br>316 Industrial Park Drive<br>Dadeville, AL  36853 | Defendant<br><br> via U.S. Mail |
| Thomas A. Radney, Esq.<br>P.O. Box 819<br>Alex City, AL  35011 | courtesy copy via U.S. Mail<br>256-234-2547 |

      **s/Gary L. Willford, Jr.**
      OF COUNSEL