IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DOROTHY BENTLEY, ) | |
| as Administratrix of the Estate of ) | |
| JERRY BUCKNER, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Case NO.3:07-cv-MHT-WC |
| ) | |
| ) | **JURY TRIAL DEMANDED** |
| JIMMY ABBOTT, individually, ) | |
| BLAKE JENNINGS, individually, ) | |
| Dr. SHUISTER, individually, and ) | |
| CATHY DUBOSE, individually, ) | |
| Defendants. ) | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

COMES NOW Plaintiff DOROTHY BENTLEY as Administratrix of the Estate of JERRY BUCKNER by and through her attorneys of record, and would show unto the Court as follows:

**JURISDICTION AND VENUE**

1. Plaintiff files this Complaint and invokes the jurisdiction of this Court under and by virtue of the Fourth and Fourteenth Amendments to the Constitution of the United States, 42 U.S.C. § 1983, 28 U.S.C. § 1331, 28 U.S.C. § 1343, 28 U.S.C. § 2201, 28 U.S.C. § 2202, and the common law of the State of Alabama to obtain declaratory and injunctive relief and compensatory, statutory and punitive damages. Defendants violated Plaintiff's rights as guaranteed by the Constitution of the United States, by Federal law, and by Alabama law.

2. The violations of Plaintiff's rights as alleged herein occurred in Tallapoosa County, Alabama, and were committed within the Eastern Division of the Middle District of the

State of Alabama.

## PARTIES

3. Plaintiff, Dorothy Bentley, as Administratrix of the estate of Jerry Buckner (hereinafter, "Plaintiff" or "Bentley") is over the age of 19 years and is, and at all times material hereto was, a citizen of the United States and of the State of Alabama.

4. Defendant, Jimmy Abbott (hereinafter, "Abbott"), is a natural person believed to be over the age of 19 years, is or was at all times material hereto the Sheriff, or an employee, officer or agent of the Sheriff's Department of Tallapoosa County, and is a person whose conduct proximately and directly harmed Buckner.

5. Defendant, Blake Jennings (hereinafter, "Jennings" or "Warden"), is a natural person believed to be over the age of 19 years, is or was at all times material hereto an employee, officer or agent of Tallapoosa County Jail (hereinafter, "the Jail"), and is a person whose conduct proximately and directly harmed Buckner.

6. Defendant, Dr. Shuister (hereinafter, "Shuister"), is a natural person believed to be over the age of 19 years, is or was at all times material hereto an employee, officer or agent of the Jail, and is a person whose conduct proximately and directly harmed Buckner.

7. Defendant, Cathy Dubose, is a natural person believed to be over the age of 19 years, is or was at all times material hereto an employee, officer or agent of the Jail, and is a person whose conduct proximately and directly harmed Buckner.

## NATURE OF PROCEEDINGS

8. This is a proceeding for a judgment declaring the relative rights, responsibilities and liabilities of the parties, each to the other, and for compensatory, statutory and punitive damages for their suffering as a consequence of the wrongs alleged herein.

## FACTUAL ALLEGATIONS

9. Plaintiff expressly adopts, as if fully set forth herein, the allegations in the foregoing paragraphs.

10. On or about September 8, 2005, Buckner was arrested and placed in the Jail.

11. Buckner had congestive heart failure and required prescriptive medications to treat this condition.

12. Buckner notified Jennings, Warden of the Jail, of his medication requirements. Jennings denied said medications to Buckner.

13. Buckner notified Abbott, the Sheriff of the Jail, of his medication requirements. Abbott denied said medications to Buckner.

14. Buckner notified Shuister, Medical Doctor of the Jail, of his medication requirements. Shuister denied said medications to Buckner.

15. Buckner notified Dubose, Nurse of the Jail, of his medication requirements. Dubose denied said medications to Buckner.

16. Each of the above named Defendants had a duty and/or opportunity to provide Buckner with his medications, but negligently, willfully or wantonly failed to do so.

17. On or about September 30, 2005, as a proximate consequence of Defendants' deliberate indifference to his serious medical condition, Buckner died.

18. Defendants, at all times material hereto, were acting under color of law and pursuant to the policies and customs of the Jail.

19. Plaintiff, Dorothy Bentley, is the mother of Buckner, the Administratrix of his estate, and is a person entitled to take from that estate. Plaintiff has been injured and damaged by the

wrongful death of Buckner.

## CAUSES OF ACTION

20. As to each of the counts herein below set forth, Plaintiff expressly adopts, as if fully set forth herein, the allegations of the foregoing paragraphs.

## COUNT I

### DEPRIVATION OF CIVIL RIGHTS UNDER COLOR OF FEDERAL LAW
### 42 U.S.C. § 1983 – DENIAL OF DUE PROCESS

21. Buckner was not provided with notice and opportunity to be heard when the above named Defendants denied his medication without inquiring as to whether or for what reason Buckner needed his medication.

22. Buckner had a right under the Fifth and Fourteenth Amendments of the U.S. Constitution to notice and a hearing as to whether he in fact needed his medication.

23. The aforementioned rights were clearly established at the time of the conduct giving rise to the claims herein.

24. Any reasonable officer and / or employee and / or agent knows or should have known that the aforementioned rights were clearly established at the time of the conduct giving rise to the claims herein.

25. Buckner's rights under the Fifth and Fourteenth Amendments were impermissibly abridged and violated.

26. Buckner has been injured and damaged as a direct and proximate result of the violation of his rights under the Fifth and Fourteenth Amendments.

27. Plaintiff, Dorothy Bentley, has been injured and damaged as a direct and proximate result of the violation of Buckner's rights under the Fifth and Fourteenth Amendments.

## COUNT II – NEGLIGENCE

28. In carrying out their duties as officers/agents of the Jail, the above named Defendants owed a duty of care to Buckner upon his apprehension.

29. The above named Defendants breached that duty of care in that they carried out their duties in a neglectful, unskillful, and careless manner as compared with other officers/agents under the same or similar conditions.

30. As a direct and proximate result of the neglect, unskillfulness, and carelessness of the above named Defendants, Buckner was injured and killed.

31. Plaintiff has been injured and damaged as a result of the neglect, unskillfulness, and carelessness of above named Defendants.

## COUNT III – MUNICIPAL LIABILITY (State Law)

32. Buckner was injured as a direct and proximate result of the neglect, unskillfulness, and carelessness of the above named Defendants.

33. Plaintiff herein has been injured and damaged as a consequence of the damage to Buckner.

34. At all times material hereto, the above named Defendants were acting as agents, officers, or employees of the Jail.

35. Pursuant to Alabama statute, the Jail is responsible and liable for the conduct of the above named Defendants to the limits imposed by law.

36. The filing of this action constitutes appropriate and proper notice to the Jail of the claims asserted herein.

**PRAYER FOR RELIEF**

WHEREFORE, the premises considered, Plaintiff prays for relief as follows:

a) Enter a declaratory judgment that the policies and practices complained of herein are unlawful and violative of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, as addressed by and through 42 U.S.C. § 1983;

b) Grant compensatory damages in favor of Plaintiff as against all Defendants in an amount to be determined by the trier of fact;

c) Grant punitive damages to Plaintiff against all defendants of an amount to be determined by the trier of fact;

d) Grant Plaintiff the cost of this action including reasonable attorneys' fees; and

e) Grant such other, further and different relief as this Court may deem just and proper, including all equitable relief and attorney's fees and costs, the awarding of which is within the jurisdiction of this Court.

RESPECTFULLY SUBMITTED on this the 14th day of December, 2007.

/s/ Andy Nelms
K. ANDERSON NELMS
Plaintiff's Attorney
ASB-6972-E63K

OF COUNSEL:
Law Offices of Jay Lewis, LLC
P.O. Box 5059
Montgomery, AL 36103
(334) 263-7733 (voice)
(334) 832-4390 (fax)

## **CERTIFICATE OF SERVICE**

      I hereby certify that I have served the foregoing on the following parties or attorneys by CM/ECF, or by placing a copy in the United States mail, properly addressed and first-class postage prepaid, or by hand delivery on this 14th day of December, 2007.

Jimmy Abbott
Tallapoosa County Sheriff
c/o Tallapoosa County Jail
316 Industrial Park Drive
Dadeville, AL 36853

Blake Jennings
Tallapoosa County Jail Warden
c/o Tallapoosa County Jail
316 Industrial Park Drive
Dadeville, AL 36853

Dr. Shuister
Tallapoosa County Jail Physician
c/o Tallapoosa County Jail
316 Industrial Park Drive
Dadeville, AL 36853

Cathy Dubose
Tallapoosa County Jail - Nurse / Caretaker
c/o Tallapoosa County Jail
316 Industrial Park Drive
Dadeville, AL 36853

Gary L. Willford, Jr.
Bart Harmon
Attorneys for Defendants
7475 Halcyon Pointe Road (36117)
PO Box 240909
Montgomery, AL 36124
T:    (334) 262-1850
F:    (334) 262-1889
email: gwillford@webbeley.com

                                                  /s/ Andy Nelms
                                                  K. Anderson Nelms