## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| **DOROTHY BENTLEY, et al.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **3:07-cv-873-MHT** |
| **vs.** | § | |
| | § | |
| **JIMMY ABBOTT, et al.,** | § | |
| | § | |
| **Defendants.** | § | |

### ANSWER OF ROBERT A. SCHUSTER, M.D. TO PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW Defendant, Robert A. Schuster, M.D. (identified in Plaintiff's first amended complaint as "Dr. Shuister"), and for answer to Plaintiff's first amended complaint in the above noted action states as follows:

### JURISIDCTION AND VENUE

1.      The Defendant denies Plaintiff's paragraph 1 and demands strict proof thereof.

2.      The Defendant is without knowledge or information necessary to either admit or deny Plaintiff's paragraph 2 and, as such, it is denied.  The Defendant demands strict proof thereof.

### PARTIES

3.      Plaintiff's paragraph 3 does not require a response from this Defendant. As such, it is denied.  The Defendant demands strict proof thereof.

4.      The Defendant is without knowledge or information necessary to either admit or deny Plaintiff's paragraph 4 and, as such, it is denied.  The Defendant demands strict proof thereof.

5.    The Defendant is without knowledge or information necessary to either admit or deny Plaintiff's paragraph 5 and, as such, it is denied. The Defendant demands strict proof thereof.

6.    The Defendant denies Plaintiff's paragraph 6 and demands strict proof thereof.

7.    The Defendant is without knowledge or information necessary to either admit or deny Plaintiff's paragraph 7 and, as such, it is denied. The Defendant demands strict proof thereof.

## NATURE OF PROCEEDINGS

8.    Plaintiff's paragraph 8 does not demand a response from this Defendant and, as such, it is denied.

## FACTUAL ALLEGATIONS

9.    Plaintiff's paragraph 9 does not demand a response from this Defendant and, as such, it is denied.

10.    The Defendant is without information or knowledge necessary to either admit or deny Plaintiff's paragraph 10 and, as such, it is denied. The Defendant demands strict proof thereof.

11.    The Defendant is without information or knowledge necessary to either admit or deny Plaintiff's paragraph 11 and, as such, it is denied. The Defendant demands strict proof thereof.

12.    The Defendant is without information or knowledge necessary to either admit or deny Plaintiff's paragraph 12 and, as such, it is denied. The Defendant demands strict proof thereof.

13.    The Defendant is without information or knowledge necessary to either admit or deny Plaintiff's paragraph 13 and, as such, it is denied. The Defendant demands strict proof thereof.

14.    The Defendant denies Plaintiff's paragraph 14 and demands strict proof thereof.

15.    The Defendant is without information or knowledge necessary to either admit or deny Plaintiff's paragraph 15 and, as such, it is denied. The Defendant demands strict proof thereof.

16.    The Defendant denies Plaintiff's paragraph 16 and demands strict proof thereof.

17.    The Defendant denies Plaintiff's paragraph 17 and demands strict proof thereof.

18.    The Defendant denies Plaintiff's paragraph 18 and demands strict proof thereof.

19.    The Defendant is without information or knowledge necessary to either admit or deny Plaintiff's paragraph 19 and, as such, it is denied. The Defendant demands strict proof thereof.

## CAUSES OF ACTION

20.    Plaintiff's paragraph 20 does not demand a response from this Defendant and, as such, it is denied.

## COUNT I – DEPRIVATION OF CIVIL RIGHTS UNDER COLOR OF STATE LAW 42 U.S.C. § 1983 – DENIAL OF DUE PROCESS

21.     The Defendant denies Plaintiff's paragraph 21 and demands strict proof thereof.

22.     The Defendant denies Plaintiff's paragraph 22 and demands strict proof thereof.

23.     The Defendant denies Plaintiff's paragraph 23 and demands strict proof thereof.

24.     The Defendant denies Plaintiff's paragraph 24 and demands strict proof thereof.

25.     The Defendant denies Plaintiff's paragraph 25 and demands strict proof thereof.

26.     The Defendant denies Plaintiff's paragraph 26 and demands strict proof thereof.

27.     The Defendant denies Plaintiff's paragraph 27 and demands strict proof thereof.

## COUNT II – NEGLIGENCE

28.     The Defendant denies Plaintiff's paragraph 28 and demands strict proof thereof.

29.     The Defendant denies Plaintiff's paragraph 29 and demands strict proof thereof.

30.     The Defendant denies Plaintiff's paragraph 30 and demands strict proof thereof.

31.    The Defendant denies Plaintiff's paragraph 31 and demands strict proof thereof.

## COUNT III – MUNICIPAL LIABILITY

32.    The Defendant denies Plaintiff's paragraph 32 and demands strict proof thereof.

33.    The Defendant denies Plaintiff's paragraph 33 and demands strict proof thereof.

34.    The Defendant denies Plaintiff's paragraph 34 and demands strict proof thereof.

35.    The Defendant denies Plaintiff's paragraph 35 and demands strict proof thereof.

36.    The Defendant denies Plaintiff's paragraph 36 and demands strict proof thereof.

## PRAYER FOR RELIEF

The Defendant denies that he owes Plaintiff any relief as enumerated pursuant to subsections (a) through (e) and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

1.    The Defendant denies each and every material allegation contained in the Plaintiff's complaint and demands strict proof thereof.

2.    The Defendant pleads not guilty to the charges in the Plaintiff's complaint.

3.    Plaintiff's complaint fails to state a claim against the Defendant for which relief can be granted.

4.    Plaintiff is not entitled to any relief requested in the complaint.

5.     The Defendant cannot be held liable on the basis of *respondeat superior*, agency, or vicarious liability theories.

6.     The Plaintiff is not entitled to any relief under 42 U.S.C. § 1983.

7.     The allegations contained in the Plaintiff's complaint against the Defendant, if deemed to be sued in his individual capacity, fail to comply with the heightened specificity requirement of Rule 8 in § 1983 cases against persons sued in their individual capacities. See Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992); Arnold v. Board of Educ. Of Escambia County, 880 F.2d 305, 309 (11th Cir. 1989).

8.     The Defendant pleads the general issue.

9.     The Defendant pleads the affirmative of laches and unclean hands.

10.     The Defendant avers that this Court lacks subject matter jurisdiction due to the fact that even if Plaintiff's allegations should be proven, the allegations against the Defendant would amount to mere negligence which is not recognized as a deprivation of the Plaintiff's constitutional rights. See Rogers v. Evans, 792 F.2d 1052 (11th Cir. 1986).

11.     Plaintiff's claims against the Defendant in his official capacity are barred by the Eleventh Amendment to the United States Constitution.

12.     Alabama law provides tort and other remedies for the allegations made by the Plaintiff herein and such remedies are constitutionally adequate.

13.     The Defendant pleads the defense that at all times in treating Plaintiff he exercised the same degree of care, skill, and diligence as other physicians would have exercised under similar circumstances and that at no time did he act toward the Plaintiff with deliberate indifference to a serious medical need.

14.    The Defendant pleads the affirmative defense that the Plaintiff's Complaint fails to contain a detailed specification and factual description of the acts and omissions alleged to render him liable to the Plaintiff as required by § 6-5-551 of the Ala. Code (1993).

15.    The Defendant pleads the affirmative defenses of contributory negligence and assumption of the risk.

16.    The Defendant pleads the affirmative defense that Plaintiff's damages, if any, were the result of an independent, efficient, and/or intervening cause.

17.    The Defendant pleads the affirmative defense that the Plaintiff has failed to mitigate his own damages.

18.    The Defendant pleads the affirmative defense that he is not guilty of any conduct which would justify the imposition of punitive damages against him and that any such award would violate the United States Constitution.

19.    This Defendant adopts and asserts all defenses set forth in the Alabama Medical Liability Act, Ala. Code § 6-5-481, et seq., and § 6-5-542, et seq.

20.    The Defendant asserts that the Plaintiff's complaint is frivolous and filed in bad faith solely for the purpose of harassment and intimidation and requests this Court, pursuant to 42 U.S.C. § 1988, to award said Defendant reasonable attorney's fees and costs incurred in the defense of this case.

21.    The Plaintiff's claims are moot because the events which underlie the controversy have been resolved.  See Marie v. Nickels, 70 F. Supp. 2d 1252 (D. Kan. 1999).

7

22.    This Defendant avers that this Court does not maintain subject matter and/or *in personam* jurisdiction and does not submit to this Court's jurisdiction by filing this responsive pleading.

23.    The Defendant avers that Plaintiff has failed to effectuate proper and timely service of process.

24.    The Defendant avers the defense of statute of limitations.

25.    The Defendant avers the defense of venue.

26.    The Defendant avers and pleads superseding/intervening causation.

27.    The Defendant avers that Plaintiff lacks standing to assert a claim for damages based upon the alleged deprivation of another's rights.

28.    The Defendant pleads the applicable statutory cap for recovery of any judgment against a government entity.

29.    The Defendant avers that he is not a state actor for purposes of establishing federal jurisdiction.  If Defendant is deemed otherwise, he expressly asserts to be immune from liability under the doctrines of governmental immunity, sovereign immunity, qualified immunity, absolute immunity, and/or good faith immunity.

30.    The Defendant reserves the right to amend and/or add to this answer to include other defenses that may become apparent and/or applicable.

Respectfully submitted this the 25th day of January, 2008.


                                        *s/ R. Brett Garrett*
                                        R. BRETT GARRETT (GAR085)
                                        Attorney for Defendant, Robert A.
                                        Schuster, M.D.


8

Of Counsel:
RUSHTON, STAKELY, JOHNSTON & GARRETT, P.A.
P.O. Box 270
Montgomery, AL 36101-0270
334-206-3138 (telephone)
334-481-0808 (fax)
bg@rsjg.com  (email)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon the following by placing a copy thereof in the United States Mail, postage prepaid and properly addressed, on this the 25th day of January, 2008:

K. Anderson Nelms, Esq.
LAW OFFICES OF JAY LEWIS, LLC
PO Box 5059
Montgomery, AL 36103

*s/ R. Brett Garrett*
OF COUNSEL