IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DOROTHY BENTLEY, as Administratrix of the Estate of JERRY BUCKNER, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| | ) CASE NO.: 3:07-cv-00873-MHT-WC |
| JIMMY ABBOTT, individually, BLAKE JENNINGS, individually, DR. SHUISTER, individually, CATHY DUBOSE, individually, and TALLAPOOSA COUNTY JAIL, | ) ) ) ) ) ) |
| Defendants. | ) |

**PLAINTIFF'S RESPONSE TO DEFENDANTS'
MOTION TO DISMISS**

COMES NOW, Plaintiff in the above-referenced action, by and through her counsel of record, and files this Response to Defendants' Motion to Dismiss Sheriff Jimmy Abbott, Blake Jennings and Cathy Dubose, individually and in official capacities, further showing this Honorable Court why Defendants' motion should be denied.

**FACTS AS ALLEGED IN PLAINTIFF'S COMPLAINT**

The plaintiff is the mother of Jerry Buckner ("Buckner"). She is also the administratrix of Jerry Buckner's estate. She files this suit against the Tallapoosa County Sheriff, Jimmy Abbott, and the jail administrator, Blake Jennings. As well as, Cathy Dubose the jail nurse. Her complaint claims that her son suffered from congestive heart failure. His condition was controlled by medication. She complains that each of the defendants had knowledge of her son's condition but

denied her son his medications. The plaintiff primarily claims that the acts of the defendants are violations of the Fourth, Fifth, and, Fourteenth Amendments by and through 42 U.S.C. § 1983.

The facts in the complaint are simple and direct. As enumerated, these facts make clear that each of the defendants had actual knowledge of Buckner's condition but refused to provide the prescribed medications.

The plaintiff complains that the denial of medication was a direct result of conditions and circumstances attributable to the defendants.

The plaintiff specifically avers that the aforementioned actions and conditions of treatment were not reasonably related to a legitimate penalogical purpose and constituted a denial of due process.

## ARGUMENT

**I. Standard of Review**

"When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one." *Scheuer v. Rhodes*, 416 U.S. 232 (1974). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleading that a recovery is very remote and unlikely but that is not the test." *Id*. "Moreover, it is well established that, in passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader." *Id*.

In appraising the sufficiency of the complaint, courts follow the well-established rule that a

complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Gardner v. Toilet Goods Assn.*, 387 U.S. 167, 172 (1967). The threshold for a complaint to survive a motion to dismiss is "exceedingly low." *Ancata v. Prison Health Services, Inc.*, 769 F.2d 700, 703 (11th Cir. 1985).

### II. Plaintiff's Fifth Amendment Claims.

The Complaint alleges that Buckner's rights under the Fifth Amendment to the United States Constitution have been violated. The plaintiff alleges that the conduct of the defendants, in unlawfully denying medications without due process of law, is violative of the plaintiff's rights. Although it is true that the described treatment is in violation of the plaintiff's due process rights, the plaintiff agrees with the defendants' that the Fifth Amendment does not extend to local governments or individuals acting with their respective duties on behalf of said governmental agency. Such matters, as they relate to state and local government, are controlled by the Fourteenth Amendment. This given, the plaintiff concedes that claims pursuant to the Fifth Amendment are due to be dismissed.

### III. Whether these government officials sued in their individual capacities under 42 U.S.C. §1983 are entitled to qualified immunity.

*The defendants argue that they are entitled to qualified immunity because the plaintiff has not pointed to any clearly established law which demonstrates that the alleged actions of the Defendants*

*violated the Plaintiff's constitutional rights. (Doc. 7 at 4).* The doctrine of qualified immunity protects public officials from monetary liability when their conduct does not violate "clearly established" law. To overcome the defense of qualified immunity – to demonstrate that the law is "clearly established"– a plaintiff must show that the public official had fair warning of what the law required. One way to demonstrate "fair warning" is by pointing out a prior case with similar facts, but that is not the only way. *See, e.g., United States v. Lanier*, 520 U.S. 259, 271 (1997)(recognizing that a general constitutional rule may apply with "obvious clarity to the specific conduct in question," even though the challenged conduct has not previously been held unlawful); *see also*, *Hope v. Pelzer*, 122 S.Ct. 2508 (2002).

In another approach to showing fair warning, a court may determine from facts alleged, taken in a light most favorable to the plaintiff, that the public official's conduct violated a constitutional right. If a violation can be made out, the court must then ask whether the right was clearly established. *See Saucier v. Katz*, 121 S.Ct. 2151 (2001). "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id*. at 2156.

This considered, all that is required of public officials, is that, "in the light of pre-existing law, the unlawfulness must be apparent." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). "The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Id*.

The salient question before this Court is whether the contours of the law, existing at the time of the alleged constitutional violations, was sufficiently clear to give reasonable public officers "fair notice" that they could be liable for their intentional acts.

In *Hope*, the policy and practice of handcuffing an inmate to a hitching post or similar stationary object for a period of time that surpasses that necessary to quell a threat or restore order was deemed volative of the Eighth Amendment. *Hope*, at 2514. Furthermore, *Hope* relies on clearly established precedent within the Eleventh Circuit. In *Gates v. Collier*, 501 F.2d 1291 (5th Cir.1974), the Fifth Circuit found several forms of corporal punishment impermissible, including handcuffing inmates to cells for long periods of time. *Ort v. White*, 813 F.2d 318, 324, (11th Cir. 1987), warned that, "physical abuse directed at [a] prisoner after he terminates his resistance" constitutes a violation of the Eighth Amendment.[1] In *Hope*, the Supreme Court concludes that the contours of the precedents clearly provided adequate warning to reasonable officials that it is unlawful to use punitive measures as described.

After review of the facts as presented in the complaint, the plaintiff is of the opinion that this Honorable Court should come to the conclusion that the facts demonstrate that an established constitutional right had been violated. Furthermore, given the precedents of *Hope* and *Gates*, the defendants were given "fair warning".

For the foregoing reasons, the plaintiff respectfully requests that the defendants' Motion to Dismiss be denied on the basis of entitlement to qualified immunity and for all such further relief, both general and specific, to which they may be entitled under the premises.

---

[1] The plaintiff appreciates that the Eighth Amendment applies to prisoners or convicted persons rather than pretrial detainees, however, the standard for examining a claim of denial of due process and abuse are actually lower.

**IV. Procedural Due Process Claims.**

The Due Process Clause of the Fourteenth Amendment to the United States Constitution provides that no state "shall deprive any person of life, liberty, or property without due process of law." The defendants argument does not assert that Buckner was afforded a pre-punishment hearing, a hearing during his punishment, or, in the alternative, a hearing after his punishment. The defendants seem to argue that because Buckner was afforded an opportunity to meet with the jail doctor and the nurse he was afforded due process. However, the defendants do not explain how and why the pre-existing diagnosis and issuance of prescription medications from Buckner's pre-detention private care Simply put, the defendants knew of Buckner's medical needs but chose to give the prescribed medications thus causing him loss of life.

The complaint is specific and does not contain conclusory allegations related to the actions of the defendants. It is simply alleged that the defendants knew of Buckner medical condition. The defendants knew that Buckner was to have the prescribed medications. The defendants made a conscious decision to deny Buckner the medications. In doing so, the defendants denied Buckner the opportunity to redress.

## CONCLUSION

In the present case the plaintiff has alleged that Buckner was denied treatment and conditions by the defendants. As mentioned in the Complaint, the treatments and conditions were not intended to fulfill any articulable penalogical purpose. The language of the Complaint alleges a violation of the plaintiff's clearly established Fourteenth Amendment rights of due process.

Given the standards due a detainee and the precedence of case law coupled with the

allegations of egregious conduct and conditions with what the plaintiff was subjected, the defendants were given "fair warning".

      For the foregoing reasons, the plaintiff respectfully requests that the defendants' Motion to Dismiss be denied as to an claim of immunity and for all such further relief, both general and specific, to which they may be entitled under the premises.

      WHEREFORE, PREMISES CONSIDERED, Defendants' Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is due to be denied.

      Respectfully submitted this 28th day of January, 2008.

s/ANDY NELMS  
K. ANDERSON NELMS (NEL022)  
P.O. Box 5059  
Montgomery, AL 36103  
Phone: (334) 263-7733  
Fax: (334) 832-4390  
andynelms@andersonnelms.com  
ASB-6972-E63K

**CERTIFICATE OF SERVICE**

      I hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF or by placing a copy of the same in the United States mail, postage prepaid and properly addressed, on this 28th day of January, 2008.

Bart Harmon  
Gary L. Willford, Jr.  
Webb & Eley, P.C.  
P.O. Box 240909  
Montgomery, Alabama 36124

        s/ANDY NELMS
        K. ANDERSON NELMS (NEL022)
        P.O. Box 5059
        Montgomery, AL 36103
        Phone: (334) 263-7733
        Fax: (334) 832-4390
        andynelms@andersonnelms.com
        ASB-6972-E63K