IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **DOROTHY BENTLEY, as Administratrix** of the Estate of **JERRY BUCKNER,**      **Plaintiff**  v.  **JIMMY ABBOTT, et al.,**      **Defendants.** | ) ) ) ) ) )   3:07-cv-00873-MHT-WC ) ) ) ) ) ) |

### SHERIFF ABBETT, BLAKE JENNINGS AND CATHY DUBOSE'S
### REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS

COME NOW Tallapoosa County Sheriff Jimmy Abbett,[1] Blake Jennings, and Cathy Dubose, Defendants in the above-entitled action, and file this Reply Brief in Support of their Motion to Dismiss.

### INTRODUCTION

In her Response, the Plaintiff explicitly concedes that her Fifth Amendment claims are due to be dismissed. (Doc. 29 at p. 3.). Implicitly, by virtue of her failure to contest it, the Plaintiff also apparently concedes that the state law negligence claim is due to be dismissed against these Defendants. (See generally Doc. 29.) The Plaintiff also implicitly concedes that these Defendants were acting within their discretionary authority for purposes of the qualified immunity analysis as she has not challenged that aspect of these Defendants' underlying motion. Additionally, it appears that the Plaintiff is insistent that her Fourteenth Amendment claim relies upon that Amendment's *procedural* and not substantive due process protections. Id. at p. 6.

---

[1] The Plaintiff has incorrectly identified Sheriff Abbett as "Abbott".

For the reasons set forth in the principal brief, and as further discussed below, all of the Plaintiff's claims against these Defendants are due to be dismissed.

**ARGUMENT**

As noted above, the only federal claim asserted in the Plaintiff's Response is a procedural due process claim. (Doc. 29 at p. 6.) As a result, this brief will not provide further argument on deliberate indifference, nor should the Court consider the Amended Complaint to have such a claim. GJR Investments, Inc. v. County of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998) citing Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991) (stating that district courts should not act as *de facto* counsel for a party or rewrite defective pleadings). Therefore, in light of the Plaintiff's explicit concession that her Fifth Amendment claims are due to be dismissed, and her implicit concession regarding her negligence claim, all that is left to discuss is her Fourteenth Amendment procedural due process claim.

In their principal brief, Sheriff Abbett, Jail Administrator Jennings, and Nurse Dubose each asserted qualified immunity. Once an official has demonstrated that he or she acted within his or her discretionary authority, the burden shifts to the plaintiff to demonstrate (1) a violation of a federally protected right; and (2) pre-existing law providing fair warning to the official that his or her conduct was unlawful. Saucier v. Katz, 533 U.S. 194, 201 (2001). In her Response, the Plaintiff does not contend that these Defendants acted outside of their discretionary authority, but argues (in reverse order) that clearly existing law provided fair warning, and that the Defendants violated her deceased's rights. (Doc. 29 at pp. 3-6.) However, the Amended Complaint does not allege a procedural due process violation, and no pre-existing law holds that the alleged acts of the Defendants were unlawful.

I.  **THE COMPLAINT DOES NOT ALLEGE A PROCEDURAL DUE PROCESS VIOLATION.**

In support of her claim, the Plaintiff offers only that the Defendants failed to argue that a "pre-punishment" hearing occurred and that the Defendants did not explain why the deceased's pre-incarceration medications were not dispensed. (Doc. 29 at p. 6.) The Plaintiff's arguments fail to save her claim for two reasons. First, the Plaintiff engaged in some failure to respond of her own in failing to address the ripeness issue raised by the Defendants. Second, even if the Plaintiff's claim were ripe, there was no "punishment" for which a hearing was required.

First, as noted in these Defendants' principal brief, the Plaintiff's claim has not and cannot become ripe. A procedural due process claim such as the one the Plaintiff is attempting to assert only becomes ripe if the State fails to provide adequate post-deprivation remedies. Parrat v. Taylor, 451 U.S. 527, 537 (1981) (overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986)). In this case, the Plaintiff has demonstrated through her own Amended Complaint that there are adequate state law remedies. She has pled a state law negligence claim. (Doc. 22 at p. 5.) These Defendants entitlement to absolute immunity does not render the remedy inadequate and even if it did, Dr. Schuster has filed an Answer to the negligence claim, ensuring that this case will move forward on a state law remedy. Rittenhouse v. DeKalb County, 764 F.2d 1451, 1459 (11th Cir. 1985); Doc. 26.

Second, the Plaintiff's Response simply assumes that not receiving medication is *a fortiori*, "punishment". That is not the case as a matter of law and common sense. The standard for evaluating the constitutionality of a particular restriction for purposes of affording due process under the Fourteenth Amendment is whether the restriction amounts to punishment of the detainee. Bell v. Wolfish, 441 U.S. 520, 535 (1979). The Supreme Court went on in Bell to spell out how the courts are to determine whether a given condition of confinement amounts to punishment. "[I]f a

3

particular condition or restriction of pretrial detention is *reasonably related to a legitimate governmental objective*, it does not, without more, amount to 'punishment.'" Id. at 539 (emphasis added).

Here, the Amended Complaint specifically alleges that the Plaintiff saw the jail physician and that the physician did not, for whatever reason, continue his pre-incarceration medications. (Doc. 22 at ¶¶ 14, 16.)² Following Dr. Schuster's orders is precisely what these Defendants are constitutionally mandated to do. Williams v. Limestone County, 198 Fed. App'x. 893, 897-98 (11th Cir. 2006); Meloy v. Bachmeier, 302 F.3d 845, 847 (8th Cir. 2002); Camberos v. Branstad, 73 F.3d 174, 176 (8th Cir. 1995); Zentmyer v. Kendall County, 220 F.3d 805, 812 (7th Cir. 2000). As alleged by the Amended Complaint, these Defendants had a legitimate governmental objective – following the treatment decisions of the jail's physician. Bell, 441 U.S. at 539. Therefore, there was no punishment for which a due process hearing was a prerequisite. Id. Accordingly, the Plaintiff has failed to state a Fourteenth Amendment procedural due process claim.

## II. THE PLAINTIFF HAS FAILED TO DEMONSTRATE THAT CLEARLY ESTABLISHED LAW PROVIDED THESE DEFENDANTS WITH FAIR WARNING.

The essence of the Plaintiff's argument regarding whether clearly established law provided fair warning in this case is that any reasonable officer would have known that he was required to ignore Dr. Schuster's treatment decision and convene a hearing to determine whether Dr. Schuster's treatment plan was correct. (Doc. 29 at pp. 3-5.) Unable to find a materially similar case – there are none – the Plaintiff instead argues that the Defendants' conduct was obviously unconstitutional. (Doc. 29 at p. 4 citing United States v. Lanier, 520 U.S. 259, 271

---

² This Court should not engage in speculation or second guessing as to what Dr. Schuster's treatment decision was based upon. Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985); Waldrop v. Evans, 871 F.2d 1030, 1035 (11th Cir. 1989); Westlake v. Lucas, 537 F.2d 857, 860 n.5 (6th Cir. 1976).

4

(1997).)  The problem for the Plaintiff is that the Seventh Circuit, Eighth Circuit, and most importantly, the Eleventh Circuit disagree.  <u>Williams</u>, 198 Fed. App'x. at 897-98; <u>Meloy</u>, 302 F.3d at 847; <u>Camberos</u>, 73 F.3d at 176; <u>Zentmyer</u>, 220 F.3d at 812.  Case law aside, it seems strange, indeed, that an inmate would have a constitutional right to a due process hearing regarding medical treatment decisions when such protections are not afforded to free world citizens.  This is not an obvious clarity case nor is it, as the cited cases suggest, a case in which the Plaintiff could find a materially similar set of facts in a relevant opinion.  Consequently, even if the Plaintiff could show a constitutional violation – and she cannot – the lack of any clearly established law holding that inmates are entitled to *more* rights in the medical care context than free world citizens entitles these Defendants to qualified immunity and a dismissal of all claims against them.

## CONCLUSION

Based upon the foregoing and the principal brief, Sheriff Jimmy Abbett, Warden Blake Jennings and Nurse Cathy DuBose request that the Court issue an order dismissing all of the Plaintiff's claims against them and grant unto them costs and attorneys fees in accordance with 42 U.S.C. § 1988.

Respectfully submitted, this 1st day of February, 2008.

                                        **s/Gary L. Willford, Jr.**
                                        BART HARMON – Bar No. HAR127
                                        GARY L. WILLFORD, JR. – Bar No. WIL198
                                        Attorneys for Defendants
                                        WEBB & ELEY, P.C.
                                        7475 Halcyon Pointe Road (36117)
                                        Post Office Box 240909
                                        Montgomery, Alabama  36124
                                        Telephone:  (334) 262-1850
                                        Fax:  (334) 262-1889
                                        E-mail:  gwillford@webbeley.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this the 1st day of February, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following participants: **Keith Anderson Nelms, Esq., Mark Allen Treadwell, III.**

                                        **s/Gary L. Willford, Jr.**
                                        OF COUNSEL